# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS D. HOUSTON, <br><br> Plaintiff, <br> v. <br> BELTRAN, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-09192-FMO (AFM) <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On October 26, 2018, plaintiff, a state prisoner presently confined at the CSP in Lancaster ("CSP-LAC"), California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees.

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e. In his Complaint, it appeared that plaintiff was purporting to raise a single claim, apparently against all named defendants, but it was not clear to the Court on what legal basis plaintiff's claim arose.

After careful review of the Complaint, the Court found that plaintiff's allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). Plaintiff was ordered, if he desired to pursue this action, to file a First Amended Complaint no later than December 13, 2018, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of his pleading as discussed therein, then the Court would recommend that the action be dismissed with prejudice.

On November 26, 2018, plaintiff filed a First Amended Complaint ("FAC"). In accordance with 28 U.S.C. § 1915(e)(2)(B), the Court screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

After careful review of plaintiff's FAC, the Court found that plaintiff's allegations again appeared insufficient to state any claim upon which relief may be granted. Accordingly, the FAC was dismissed with leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). Plaintiff was ordered, if he desired to pursue this action, to file a Second Amended Complaint no later than April 5, 2019, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint or failed to remedy the deficiencies of his pleading as discussed therein, then the Court would recommend that the action be dismissed with prejudice.

On March 21, 2019 plaintiff filed a Second Amended Complaint ("SAC").

(ECF No. 22.) The SAC names a single defendant, Correctional Counselor P. Beltran. Plaintiff seeks monetary damages. In accordance with 28 U.S.C. § 1915(e)(2)(B), the Court has screened the SAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of plaintiff's SAC is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district

court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *S ee, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to

provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

After careful review of the SAC, the Court finds that the allegations in the Complaint appear insufficient to state any claim upon which relief may be granted. Because plaintiff is proceeding *pro se*, the Court will provide him with one additional opportunity to amend his pleading to correct the deficiencies set forth below. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at

This Court only has original jurisdiction over cases arising under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, to invoke the Court's jurisdiction a plaintiff's pleading must show that a defendant deprived him of a right guaranteed under the Constitution or a federal statute. "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, __ U.S. __, 136 S. Ct. 450, 455-56 (2015) (citing *Hannis Distilling Co. v. Mayor & City Council of Baltimore*, 216 U.S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial")); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962) (per curiam).

Plaintiff alleges that defendant Beltran violated plaintiff's Fourteenth Amendment rights when he "addressed [him] by the name nigga." (ECF No. 22 at 22.) Allegations of harassment, embarrassment, or defamation are not cognizable under § 1983. *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983). Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987). Also, threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). To state a federal constitutional claim, an instance of derogation must amount to more than "name calling by public officials." *Paul v. Davis*, 424 U.S. 693, 703 (1976). The "mere defamation of an individual" is not sufficient to establish a claim under § 1983. *Id*. at 706. *See also Anaya v. Barrios*, 2017 WL 345206, at *5 (E.D. Cal. Jan. 23, 2017) ("Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citing *Oltarzewski*, 830 F.2d

---

that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

| | |
|---|---|
| 1 | at 139). However, defamation by a State official in the course of the termination of |
| 2 | a State employee, might state a cognizable claim. *Id.* at 710. Accordingly, plaintiff's |
| 3 | allegation that defendant called him "nigga," without more, fails to state a claim |
| 4 | under § 1983. |
| 5 | Plaintiff's supporting facts include allegations that (1) defendant Beltran said |
| 6 | "I'm a counselor and I'll take your job, make it all bad for you nigga;" and (2) "a few |
| 7 | weeks later" . . . "they had taken my ADA job, took me off all work support lists." |
| 8 | (ECF No. 22 at 22.) To the extent that plaintiff is purporting to raise a claim under |
| 9 | the Fourteenth Amendment's Due Process Clause for the loss of his job, as the Court |
| 10 | stated in its previous orders, the Due Process Clause applies only when a |
| 11 | constitutionally protected liberty or property interest is at stake. *See Ingraham v.* |
| 12 | *Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 |
| 13 | (1972). In the Ninth Circuit, prison inmates do not have a constitutionally protected |
| 14 | right to prison employment, and plaintiff therefore has no protected liberty or |
| 15 | property interest in any particular employment position in prison. *See Walker v* |
| 16 | *Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (the due process clause "does not create a |
| 17 | property or liberty interest in prison employment"). Accordingly, plaintiff's removal |
| 18 | from his prison job assignment does not implicate the Fourteenth Amendment's Due |
| 19 | Process Clause. Thus, plaintiff has failed to state a claim for relief under § 1983. |
| 20 | While the Due Process Clause of the Fourteenth Amendment "does not create |
| 21 | a property or liberty interest in prison employment," racial discrimination in the |
| 22 | assignment of jobs violates equal protection. *Id.* "Prisoners are protected under |
| 23 | the Equal Protection Clause of the Fourteenth Amendment from invidious |
| 24 | discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To |
| 25 | the extent that plaintiff may be purporting to raise a claim under the Equal Protection |
| 26 | Clause of the Fourteenth Amendment, he must show either that (1) "the defendant |
| 27 | acted with an intent or purpose to discriminate against the plaintiff based upon |
| 28 | membership in a protected class," *Thornton v. City of St. Helens*, 425 F.3d 1158, |

1166-67 (9th Cir. 2005) (citation and quotations omitted); or (2) that he was treated differently from similarly situated individuals without a rational relationship to a legitimate governmental purpose. *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02 (2008).

While plaintiff does not have to allege all of his supporting evidence, his factual allegations must plausibly show that defendant intentionally discriminated against him based on race or that he was treated differently from similarly situated individuals without a rational relationship to a legitimate governmental purpose. *See Iqbal,* 129 S. Ct. at 1949. Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate governmental purpose. The only allegation that indicates any intent to discriminate based on race, or seems to readily relate to race, is the alleged isolated racial slur on April 13, 2018. (ECF No. 22 at 22.) The FAC does not allege that defendant Beltran has any control over plaintiff's job assignment. Also, the allegations in the FAC do not causally connect the use of the racial slur and the loss of plaintiff's job, putting the Court in the position of having to guess at what claim or claims plaintiff purports to allege. Further, plaintiff himself submits evidence that he lost his job assignment because he was "found guilty of RVR dated 4/13/18 for disrespect with potential for violence" and "is to be removed from current assignment as medical\dental assistant position number MDA.003.00." *See* Exhibit D (ECF No. 22 at 24-25). This is evidence of a rational relationship to a legitimate governmental purpose. Accordingly, based on the allegations of the SAC, plaintiff has failed to state a claim for relief for violation of his right to equal protection.

To the extent that plaintiff is purporting that defendant retaliated against him, the five basic elements of a "viable claim of First Amendment retaliation" in the prison context are: (1) An assertion that a state actor took some adverse action against

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005) (also stating that a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm, *id*. at 568 n.11).

Plaintiff's SAC does not allege facts that show that defendant had any control over plaintiff's job assignment; nor does plaintiff allege facts to show that defendant influenced or took steps to influence any decision regarding plaintiff's job assignment. Consequently, the SAC does not allege that defendant took "some adverse action against" him in relation to his job assignment. Thus, plaintiff has failed to state a claim of retaliation under the allegations of the SAC.

Based upon the foregoing, plaintiff's factual allegations do not give rise to a reasonable inference that the alleged action by defendant Beltran implicated any constitutionally protected right. Plaintiff's factual allegations in the SAC fall short of raising a purported right to relief beyond the speculative level. *See Twombly*, 550 U.S. at 555. Accordingly, the allegations in the SAC appear insufficient to state any claim upon which relief may be granted.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second

Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 4/8/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Civil Rights Complaint (CV-066)
Notice of Dismissal (CV-009)